MEMORANDUM *
Plaintiff Nathan Riensche (“Riensche”) appeals the district court’s rulings in favor of Defendant Cingular Wireless (“Cingu-lar”). The district court dismissed Riensehe’s claims to the extent that they relied on the Washington Business and Occupations tax (“B & 0 tax”) statute, holding that this statute was preempted by the Federal Communications Act (“FCA”). It then granted summary judgment to Cin-gular on Riensche’s remaining claims for breach of contract, unjust enrichment, and deceptive conduct under the Washington Consumer Protection Act (“CPA”), and sanctioned Riensche’s lawyer for directing his clients not to answer questions during depositions on the grounds of attorney-client privilege. Riensche appeals all of these decisions, with the exception of the summary judgment grant on the unjust enrichment claim. We reverse the district court’s dismissal of Riensche’s B & 0 tax claim and, in light of this reversal, we vacate the grant of summary judgment on Riensche’s remaining claims. We affirm the discovery sanctions order.
Riensche first claims that Cingular directly violated RCW § 82.04.500 by passing on the B & O tax to its customers as a surcharge assessed beyond the contract price. This claim is not preempted by the FCA. After the district court’s decision in this case, we held in a separate case that such a claim is not preempted by the FCA. Peck v. Cingular Wireless, LLC, 535 F.3d 1053, 1057-58 (9th Cir.2008). Because this case is controlled by our decision in Peck, we reverse the district court’s dismissal of this claim.
Riensche’s claims of breach of contract and deceptive practices under the CPA may be affected by the conclusion that RCW § 82.04.500 is not preempted. Because the district court believed that RCW § 82.04.500 was invalid, it did not have the opportunity to address whether a violation of that statute could, in the circumstances of this case, produce a breach of contract or a deceptive practice under the CPA. We therefore vacate the district court’s grant of summary judgment on Riensche’s breach of contract and CPA claims so the district court can reassess its ruling on these questions in light of the fact that the B & O tax statute is not preempted. In doing so, the district court also may wish to wait for the Washington Supreme Court to resolve the appeal of Schnall v. AT & T Wireless Services, Inc., 139 Wash.App. 280, 161 P.3d 395, 401 (2007), before ruling on the CPA claims.
We affirm the discovery sanctions. Given that Riensche’s attorney on several occasions ordered his clients not to answer questions that could have been answered without violating the attorney-client privilege, the district court did not abuse its discretion in sanctioning the attorney for this conduct.
REVERSED and REMANDED in part, VACATED in part, and AF-
*648 FIRMED in part. Costs on appeal to be divided between the parties.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.